■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH E. WELSH, Appellant.— GREENBLOTT, J. Appeal from an order of the County Court of Albany County, dated August 22, 1968, which denied, without a hearing, a motion to vacate a judgment convicting defendant of robbery in the first degree. Appellant was convicted of first degree robbery on a plea of guilty on October 13, 1955 and was sentenced to Clinton Prison for a term of not less than 10 years nor more than 30 years. Prior to his plea of guilty, appellant attempted suicide in the Albany County Jail. On June 27, 1968 appellant initiated a *coram nobis* proceeding seeking to vacate the judgment of conviction on the ground that he was mentally incompetent at the time of his plea and should have been accorded a hearing on that issue. In opposition, respondent filed reports of two psychiatric examinations made under section 658 of the Code of Criminal Procedure, following appellant's arraignment and prior to his guilty plea. The first report, based on an examination of appellant on August 26, 1955 stated " [a]t the present time mental status fails to reveal any evidence of insanity or mental deficiency ". The second report, based on examinations of appellant between October 1 and October 7, 1955, following the suicide attempt, concluded that " [d]uring the period of observation of this man I could find no evidence of psychotic behavior * * * he was not suffering from any insanity ". The order should be affirmed. Although *coram nobis* would be the appropriate remedy if it were established that appellant was mentally incompetent at the time of his plea (*People* v. *Boundy*, 10 N Y 2d 518, 520), appellant must produce some evidence of his insanity at that time if such relief is to be accorded. See *People* v. *Smyth* (3 N Y 2d 184, 187) where the court stated: " After a defendant has been convicted on plea of guilty or after trial, the People are not required to assume the burden again of establishing that what was done was regular in the absence of evidence to the contrary. [One] is not entitled to a hearing in the absence of some evidence that he was insane when he pleaded guilty and sentence was

pronounced." Here appellant has made a mere conclusory statement, unsupported by documentary evidence, that he was mentally incompetent at the time. of his guilty plea. Nor was any evidence produced, indicating that the appellant was the subject of mental treatment "within a relatively short time after conviction" (cf. *People* v. *Jordan*, 27 A D 2d 586). Respondent, on the other hand, has introduced documentary evidence consisting of psychiatric reports, based on examinations of appellant prior to his plea of guilty and taken at the court's request, which found appellant sane and capable of co-operating with his attorney in preparing his defense. Order affirmed. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.